UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ZACH BEIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 3:19-cv-246 |
| | ) |
| MEYER DISTRIBUTING, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Zach Beier ("Beier"), by counsel, against Defendant, Meyer Distributing, Inc. ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*.

**II. PARTIES**

2. Beier is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided in Dubois County, State of Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A).

6. At all times relevant to this action, Beier was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Beier is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Beier's disability and/or Defendant regarded Beier as being disabled.

8. Beier exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Beier began working for the Defendant on or about April 2, 2018 as an Inside Salesperson.

11. At all times relevant, Beier met or exceeded Defendant's legitimate performance expectations.

12. Beier was diagnosed with Autism in or about December 2017; as such, he is disabled as that term is defined by the ADAAA. Beier's disability affects his major

life activities of communicating and concentrating, but he is able to perform the essential functions of his position with or without an accommodation. Beier informed Cody Ziegler, National Sales Manager, of his disability approximately two weeks after beginning employment with the Defendant.

13. As part of his responsibilities, Beier was told he needed to make 200 outbound calls per week. Beier originally reported to Tony Bieker, who told Beier not to worry about making the 200 calls and to focus on quality over quantity. Despite this, on or about November 8, 2018, Bieker issued discipline to Beier for failing to meet the quota.

14. Even still, Bieker explained to Beier that others were not getting their required 200 either, including Jennifer Cox and Cassie Schilling. After receiving this write-up, Beier asked both Cox and Schilling if they met the 200-call requirement and both said no and showed Beier their Sales Call by Salesperson reports.

15. On or about November 9, 2018, Beier went to Bieker and informed him of his disability. Incredibly, on November 29, 2018, Beier was written up for making too many calls – this time, Defendant complained that even though he met the quota, he was not making contact with those being called. Throughout this, Beier communicated to Bieker that because of his disability, he needed clear rules and clear direction. However, Bieker continued to change the goals as to what he wanted Beier to achieve.

16. On December 15, 2018, Beier went to Becky Fleck, HR, and complained about his treatment by Bieker. He also asked for help due to his disability. Specifically,

Beier told Fleck that he believed this was a hostile work environment due to his disability. Despite this, Fleck would not allow Beier to file a complaint and instructed him to work his 200 calls.

17. Shortly thereafter, on December 19, 2018, Beier was again written up for not meeting the quota.

18. Then, Defendant again changed Beier's goals. On or about February 7, 2019, Defendant terminated Beier. Jim Sherman, Beier's new supervisor, accused Beier of insubordination, claiming he was padding his call quota with personal calls, which was untrue. Further, Defendant accused Beier of harassing Jennifer Cox, who is Beier's sister-in-law who actually was acting in a harassing manner towards Beier. Finally, the Defendant accused Mr. Beier of spending too much time on his calls. The reasons given for Beier's termination are pretext for discrimination based on Beier's disability.

19. Similarly-situated non-disabled individuals who have not engaged in a protected activity have been treated more favorably than Beier.

## V. LEGAL ALLEGATIONS

### COUNT I – DISABILITY DISCRIMINATION

20. Paragraphs one (1) through nineteen (19) of Beier's Complaint are hereby incorporated.

21. Defendant violated Beier's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by subjecting him to disparate treatment and terminating his employment because of his actual or perceived disability.

22.     Defendant's actions were intentional, willful and in reckless disregard of Beier's rights as protected by the ADA.

23.     Beier has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: ADAAA RETALIATION

24.     Sonne hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint.

25.     Defendant unlawfully retaliated against Beier by terminating his employment after he engaged in a protected activity.

26.     Defendant's actions were intentional, willful, and in reckless disregard of Beier's rights as protected by the FMLA.

27.     Beier suffered damages as a result of Defendant's unlawful actions.

### VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Zach Beier, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.     Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums,

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.


Respectfully submitted,


/s/ Lauren E. Berger_____
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Zach Beier*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Zach Beier, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          lberger@bdlegal.com
                    kfb@bdlegal.com

*Attorneys for Plaintiff, Zach Beier*